**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS, MARSHALL DIVISION**

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange, <br><br> Plaintiff, <br><br> v. <br><br> FIFTH THIRD BANCORP, FIFTH THIRD FINANCIAL CORPORATION, AND FIFTH THIRD BANK, NATIONAL ASSOCIATION, <br><br> Defendants. | Civil Action No. 2:26-cv-595 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff United Services Automobile Association ("USAA"), by its undersigned counsel, for its Complaint against defendants Fifth Third Bancorp, Fifth Third Financial Corporation, and Fifth Third Bank, National Association (collectively, "Fifth Third"), states as follows, with knowledge as to its own acts, and on information and belief as to the acts of others:

1. This lawsuit is brought to address Fifth Third's use of USAA's patented technologies that relate to remote check deposit for mobile banking systems. These patented technologies enable USAA to connect members of the military and their families across the globe to financial services. USAA developed these technologies as part of its mission to improve the financial security of its members. In its decades of serving the military community, USAA has worked to innovate in serving the needs of its members, including a lifestyle that can make getting to a bank branch difficult, particularly if they are out to sea or deployed outside the United States. USAA's innovations and investments are protected by multiple patents issued by the United States Patent & Trademark Office. Fifth Third and its predecessors have chosen to use USAA's patented

technologies without permission and to use them for their own commercial gain. This lawsuit seeks remedies for Fifth Third's misconduct.

## I.      THE PARTIES

2.      Plaintiff USAA is a reciprocal interinsurance exchange and unincorporated association organized under the laws of the State of Texas having its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288. The USAA family of companies is dedicated to the financial well-being of members of the military and their families through the provision of insurance and banking products and services, and investing services. USAA does business in this judicial district, including through its website at www.usaa.com, and USAA Mobile smartphone applications.

3.      On information and belief, Fifth Third Bank, National Association is a National Banking corporation having its principal place of business in Cincinnati, Ohio. On information and belief, on February 1, 2026, Fifth Third Bank, National Association, became the legal successor in interest to Comerica Bank and Comerica Bank & Trust, National Association. On information and belief, Fifth Third Bank, National Association is a subsidiary of Fifth Third Financial Corporation, an Ohio Corporation with its principal place of business in Cincinnati, Ohio. On information and belief, on February 1, 2026, Fifth Third Financial Corporation became the legal successor in interest to Comerica Incorporated and Comerica Holdings. On information and belief, Fifth Third Financial Corporation is a subsidiary of Fifth Third Bancorp, a bank holding company incorporated in Ohio, having its principal place of business in Cincinnati, Ohio. On information and belief, Fifth Third continues to do business under the Comerica name. Fifth Third does business throughout the United States, including in this judicial district.

## II.     JURISDICTION AND VENUE

4.      Subject matter jurisdiction is based on 28 U.S.C. § 1338, in that this action arises under federal statute, the patent laws of the United States (35 U.S.C. §§ 1, *et seq*.).

5.      The Court has personal jurisdiction over Fifth Third because it has substantial, systematic, and continuous contacts with this judicial district. Fifth Third has a regular and

established place of business in the State of Texas and in the Eastern District of Texas, including operating several physical branches in this judicial district, and conducting business with customers residing in this judicial district both through its branches and its mobile banking services. Fifth Third has committed acts of patent infringement and, as detailed below, contributed to or induced acts of patent infringement by others in this judicial district. Fifth Third is registered to do business in Texas and maintains an agent authorized to receive service of process within Texas.

6.      Venue is proper under 28 U.S.C. § 1400(b) because Fifth Third has committed acts of infringement and maintains a regular and established place of business in this judicial district.

7.      Fifth Third occupies several permanent, physical places within this District from which Fifth Third carries out business. For example, Fifth Third has physical branches in the following locations in this District: 17 Cowboys Way, Frisco, TX; 805 W. McDermott Drive, Allen, Texas; 1610 E Stacy Rd, Allen, Texas; 19176 Preston Road, Dallas, Texas;  8422 Dallas Parkway, Frisco, Texas; 4111 Preston Road, Frisco, Texas; 3310 Premier Drive, Plano, Texas; 2560 Dallas Pkwy, Plano, Texas; 3700 S.H. 121, Plano, Texas; 1686 S. State Highway 121, Lewisville, Texas; 4730 State Highway 121, The Colony, Texas. These branches are officially registered with the Federal Deposit Insurance Corporation (FDIC) as Fifth Third branches. Fifth Third conducts business from these branches using physical equipment and employees located within the District. Fifth Third advertises a full suite of business services offered at these branches, including deposit transactions. Additionally, Fifth Third maintains a regional hub at 17 Cowboys Way, Frisco Texas.

8.      Fifth Third infringes within the Eastern District of Texas because it makes, uses, offers to sell, and/or sells the accused functionality within the Eastern District of Texas.

9.      For example, Fifth Third states: "Use mobile deposits at your convenience, anytime, anywhere just by using the camera on your phone." https://www.53.com/content/fifth-third/en/personal-banking/bank/online-mobile-banking/mobile-deposit.html (last viewed on July 20, 2026).

10. As another example, Fifth Third states: "Bank anytime, anywhere" "It's easy with Fifth Third online and mobile banking. With our mobile app, you can check balances, transfer money, deposit checks and more. It's like having your own personal branch right inside your pocket!" https://www.53.com/content/fifth-third/en.html (last viewed on July 20, 2026).

11. As another example, on information and belief, Fifth Third has engaged and continues to engage in a "consumer direct mail campaign" to former Comerica Customers, and engages in "Customer and community communication and outreach" in order to solicit former customers of Comerica, in an effort to maintain and migrate these customers over to Fifth Third branded systems and enroll former Comerica customers in "Fifth Third mobile and online banking" systems that include the accused functionality.



Fifth Third Bancorp, Form 8-K (March 11, 2026), https://d18rn0p25nwr6d.cloudfront.net/CIK-0000035527/c5eab6c2-9a25-47e6-bba8-dc5c2bc5d4ef.pdf;



Fifth Third Bancorp, Form 8-K (June 9, 2026), https://d18rn0p25nwr6d.cloudfront.net/CIK-0000035527/c34623f1-ba76-4c81-a3e6-f464b61422a7.pdf.

12.    As another example, on information and belief, Fifth Third endeavors to solicit new customers to use its infringing products and services. This includes by encouraging customers to open "Comerica" branded accounts at branches in the Eastern District of Texas, with the intent to migrate those customers to Fifth Third branded accounts and provide access to the infringing products and services "[o]n Tuesday, September 8, 2026, [when customers'] Comerica accounts transition to Fifth Third Bank." *Fifth Third Welcome Center*, FIFTH THIRD BANK https://www.53.com/content/fifth-third/en/mkg/bettertogether.html (last visited July 20, 2026); *see also Online Account Opening*, FIFTH THIRD BANK D/B/A/ COMERICA https://www.comerica.com/personal-finance/banking/apply-online.html (last visited July 20, 2026).

## III.    <u>BACKGROUND ALLEGATIONS</u>

### USAA's Investments and Pioneering Innovations

13.     This is an action for infringement of patents awarded to research and development teams at USAA for their years of work developing and improving technologies that, among other things, allow banking customers to easily and conveniently deposit paper checks into their accounts from their smartphones – wherever they might be in the world.

14.     USAA has been serving present and former members of the U.S. military and their families since 1922 and is one of America's leading insurance and financial services companies. USAA offers its members a wide range of insurance and banking products and services and investing services designed to help them meet their financial security needs. Headquartered in San Antonio, Texas, with offices in several states and Europe, USAA employs more than 38,000 people to provide for the financial well-being of more than 14 million members.

15.     Unlike traditional banks, which usually maintain a network of brick-and-mortar bank branches or ATMs for customers to use, USAA typically interacts with its members remotely, either by mail, telephone, or with increasing frequency through its usaa.com website or USAA's mobile application. USAA's online and mobile presence is critical to its members' well-being, particularly as USAA's military members are often stationed in distant locations around the world with limited access to traditional banking services.

16.     Driven by its mission to serve its members, starting in or around 2004, USAA invested substantial research and development resources into developing and implementing systems and methods that would provide USAA's members with a real-time capability to deposit a financial instrument from just about anywhere. These pioneering systems and methods resulted in a prototype developed by 2005, and the launch in 2006 of a consumer device remote check deposit system under the name Deposit@Home®. In 2009, USAA launched an application branded as Deposit@Mobile®, which today is available and used worldwide on devices such as iPhones, iPads and Android-based mobile devices. For the first time in banking history, USAA's patented systems allowed customers to deposit checks anytime, anywhere by taking photographs with consumer electronics that consumers actually own or can easily acquire, such as a mobile phone's digital camera. USAA continued to improve its technology, subsequently updating its

Deposit@Mobile application to automatically capture photos of checks for deposit using USAA's patented technology.

17.     To date, USAA has invested many millions of dollars and thousands of employee-hours in the development and implementation of its mobile deposit technologies.

**The Asserted USAA Patents**

18.     This action involves four of the patents that protect USAA's investments in its mobile deposit technologies: U.S. Patent Nos. 12,159,310 (the "'310 Patent"), 12,211,095 (the "'095 Patent"), 12,505,414 (the "'414 Patent"), and 12,632,899 (the "'899 Patent") (collectively, in this Complaint, "USAA Patents").

19.     The '310 Patent is entitled "System and Method for Mobile Check Deposit Enabling Auto-Capture Functionality Via Video Frame Processing," and its inventors are Michael Patrick Bueche, Jr., Bharat Prasad, Minya Liang, Reynaldo Medina, and Charles Lee Oakes, III. The application from which the '310 Patent derives its effective filing date was filed by USAA on August 21, 2009.

20.     The '095 Patent is entitled "System and Method for Mobile Check Deposit Enabling Auto-Capture Functionality Via Video Frame Processing," and its inventors are Michael Patrick Bueche, Jr., Bharat Prasad, Minya Liang, Reynaldo Medina, and Charles Lee Oakes, III. The application from which the '095 Patent derives its effective filing date was filed by USAA on August 21, 2009.

21.     The '414 Patent is entitled "System and Method for Mobile Check Deposit Enabling Auto-Capture Functionality Via Video Frame Processing," and its inventors are Michael Patrick Bueche, Jr., Bharat Prasad, Minya Liang, Reynaldo Medina, and Charles Lee Oakes, III. The application from which the '414 Patent derives its effective filing date was filed by USAA on August 21, 2009.

22.     The '899 Patent is entitled "System and Method for Mobile Check Deposit Enabling Auto-Capture Functionality Via Video Frame Processing," and its inventors are Michael Patrick Bueche Jr., Bharat Prasad, Minya Liang, Reynaldo Medina, and Charles Lee Oakes, III.

- 7 -

The application from which the '899 Patent derives its effective filing date was filed by USAA on August 21, 2009.

23.     The systems and methods taught by the USAA Patents solve technological problems associated with earlier systems used for capturing images of checks. These innovations enabled USAA, for the first time in banking history, to allow users to transform general purpose consumer devices that they have in their homes or are otherwise easy to acquire into a check image capture device. This had a profound impact on USAA's members and USAA's ability to accept deposit of remote checks, including because it eliminated the need for consumers (many of whom have limited means) to acquire or access specialized check processing equipment to deposit checks remotely.

24.     The USAA Patents specifically relate to improvements to the remote check deposit process that include, for example, monitoring of the check with respect to a monitoring criterion, a feedback system that instructs the user regarding how to satisfy the monitoring criterion, and an automatic capture system that works in concert with the monitoring system to automatically capture a check image when the monitoring criterion is satisfied. The systems and methods described in the USAA Patents solve discrete technological problems associated with computing systems used as part of capturing images of checks for mobile devices. The improvements described in the USAA Patents significantly increased the efficiency and performance of mobile check deposit systems at USAA and elsewhere. The USAA Patents' improvements to mobile check deposit systems are further described in the specifications.

25.     Prior to USAA's inventions, checks were processed for deposit using specialized check scanning machines, which typically were located in bank facilities or leased to businesses for use in their back offices. High-tech equipment manufacturers sold a variety of check scanning machines that cost up to tens of thousands of dollars.

26.     The passage of the federal "Check 21 Act" in 2003 increased the technical risks associated with check imaging. A report by Alogent entitled "The Client Business Case for Remote

Deposit Capture" explained how, under Check 21, items would be returned due to poor image quality, either on the digital image, or the printed Image Replacement Document (IRD).

27.     The deposit of check images requires compliance with certain technical specifications, such as the "Specifications for Electronic Exchange of Check and Image Data," also known as DSTU X9.37-2003: a technical specification published by the Accredited Standards Committee X9, Inc. that spells out the file sequences, record types, and field formats to be used for the electronic exchange of check MICR line, associated check processing data, and check images.

28.     An industry white paper entitled "Check 21: Controlling Image Quality at the Point of Capture" was published in 2004. The white paper acknowledged that one challenge facing remote deposit capture ("RDC") is that the human eye does not have the ability to distinguish between a check image that meets digital processing criteria and one that does not. For example, the white paper pointed out that what is an acceptable image to one person may be unacceptable to another. The white paper discussed the importance of ensuring that an acceptable image of a check is captured at the first point of entry to the check clearing process, as a check image with quality issues is likely to be unpayable and represents a liability to the bank. Further, the report identified and discussed basic measurement metrics to ensure that a check image may be successfully cleared. Also in 2004, the FSTC, a financial industry technical group, published a report entitled "Image Quality and Usability Assurance- Phase I." The report discussed a number of factors such as image size, skew, lightness/darkness, focus, and noise, among others, that can lead to a failed image. Other publications discussing the perceived challenges of remote deposit include statements made in 2005 by CIT Engineering Team, who designs specialized scanners for the RDC process, that the RDC process is so delicate that small insights and/or small oversights are what distinguish an outstanding check scanning product from a mediocre one.

29.     When USAA introduced mobile deposit technology to the market, it was met with both delight and concern because of its disruptive force. For example, in 2009, Celent published

an article entitled "USAA's Mobile Remote Deposit Capture Initiative." The article stated that mobile RDC is so disruptive that many banks might pass on the idea.

30.    By facilitating and improving remote mobile deposit, the innovations of the USAA Patents facilitate significant cost savings and provide many other financial benefits to banks. For example, in 2011, NCR published a white paper entitled "Mobile Remote Deposit Capture." The white paper reported that the average cost of processing a paper check transaction at a bank branch is $3.75, and that a mobile deposit costs just $0.14.

31.    As another example, in 2015, Celent published a report entitled "State of Remote Deposit Capture 2015: Mobile Is the New Scanner." The abstract of the report observed that mobile RDC was becoming the alternative to specialized check scanners, with banks racing to offer mobile RDC, which Celent predicted would have a profound effect on the branch channel. The report also observed that USAA's systems result in a substantial improvement over the existing marketplace of complex, expensive check scanning machines and that by the date of the report mobile check image capture users outnumbered those using specialized desktop devices by more than 40 to 1. As another example, in 2016, an article entitled "Mobile Check Deposits: Pro Tips to Ensure They Go Smoothly" was published by an industry technology analyst on nerdwallet.com. The article acknowledged that mobile check deposit had become the most popular feature of mobile banking, estimating that at that time there were about 87 million people in the U.S. depositing checks using mobile check deposit. The article also described how autocapture provides a technological solution for capturing an image that allows even a first-time user to be successful. The article described how autocapture allows users to capture adequate check images more efficiently and assuredly, as users are able to simply hold the device over the check, follow the prompts if an adjustment is needed, and allow their device to automatically capture a usable image—something not possible with older technology.

32.    As another example, in 2016, an article titled "User Experience Crucial to Mobile Banking Usage" was published by The Financial Brand, a digital publication focused on strategic marketing issues in the retail banking sector. The article analyzed a report ranking the customer

mobile deposit experience across several major banks. The article recognized the substantive benefits autocapture lends to the user experience. The article also acknowledged that important functions like "auto capture" make it easier for the customer to know their image can be used by the bank to process a deposit reliably and quickly, and observed that the lowest ranked institutions did poorly in categories of "auto capture & flow" and "matching user expectations."

<strong>Fifth Third's Infringement</strong>

33. Fifth Third is a large, full-service provider of consumer and commercial banking that services customers in regions across the United States. According to Fifth Third's "1Q26 Earnings Presentation," Fifth Third boasts 2.53 Average Active Mobile Users. Fifth Third acquired the consumer and commercial banking business of Comerica in a merger effective February 1, 2026.

34. Fifth Third's mobile remote deposit capture systems and methods, including but not limited to mobile remote deposit offered under *Fifth Third Mobile Deposit*, by Fifth Third under Fifth Third branding, are referred to herein, along with any other infringing instrumentalities that include similar functionality, as the "Fifth Third Mobile Deposit System." The Fifth Third Mobile Deposit System includes the Fifth Third Mobile Banking App for iPhone, iPad, and Android devices, the mobile devices on which the Fifth Third Mobile Banking App is installed and run, and the Fifth Third hardware and software systems that implement the Fifth Third Mobile Deposit System.

35. On information and belief, Fifth Third develops the Fifth Third Mobile Banking App and makes it available to customers through various app stores. Fifth Third requires customers to download the Fifth Third Mobile Banking App in order to deposit checks remotely. Indeed, Fifth Third requires users to use the infringing system in order to deposit checks to their Fifth Third account via a mobile device, and provides terms and conditions governing their use. For example, Fifth Third's Digital Services User Agreement dictates that "In order to use Mobile Deposit, [customers] must use, at [their] own expense, compatible hardware and software," and indicates that customers "may need to upgrade the Mobile App to use Mobile Deposit." *Digital Services*

*User Agreement & Electronic Communication Disclosures (E-Sign Consent Agreement)*, FIFTH THIRD   https://www.53.com/content/dam/fifth-third/docs/legal/ftb-digital-services-user-agreement.pdf (last visited July 20, 2026).

36.    Further, Fifth Third controls the infringing Fifth Third Mobile Deposit System (including the customer's mobile device, via the downloaded mobile app) as a whole and obtains benefits from it.

37.    Fifth Third touts that Fifth Third Mobile Deposit allows customers to "Save [themselves] a trip to the bank and deposit a check directly into [their] checking or savings account by using the Fifth Third Mobile Banking App," and provides detailed instructions, including step-by-step instructions on "How Mobile Deposit Works," as well as an instructional video demo to promote its use. Fifth Third Mobile Deposit, FIFTH THIRD https://www.53.com/content/fifth-third/en/personal-banking/bank/online-mobile-banking/mobile-deposit.html (last visited July 20, 2026). Fifth Third also directs customers to download its application for iPhone, iPad or Android devices from the respective app stores for those devices, where the Fifth Third Mobile Banking App is available for download.

38.    Fifth Third receives mobile check deposits from customers who, for example, download its applications for iPhone, iPad, or Android devices and use the application and device as instructed by Fifth Third, including as detailed on Fifth Third's websites and required by its user guidelines. On information and belief, Fifth Third also uses its Fifth Third Mobile Deposit System internally, such as for testing and demonstrations.

39.    Fifth Third did not release the Fifth Third Mobile Deposit System until years after USAA had already implemented and released its patented technology to widespread adoption, demonstrating the commercial viability of USAA's patented technology.

40.    Fifth Third was on notice and, on information and belief, had actual knowledge of its infringement of the USAA Patents before the filing of the Complaint, and chose to infringe rather than engaging in licensing discussions.

41.     USAA has reached out directly to Fifth Third multiple times to notify Fifth Third of its patented technology and the need for Fifth Third to fairly compensate USAA for its decision to use USAA's technology. Fifth Third elected to continue its infringement unabated.

42.     On information and belief, Fifth Third has long been on notice of the USAA Patents and their applicability to Fifth Third, as USAA's patents have been widely publicized and discussed in the banking industry.

43.     As an example, in 2018 USAA filed a complaint against Wells Fargo for infringement of, among other things, a parent to the now asserted USAA Patents (which had not yet issued at that time). USAA was awarded $200 million in past damages. The verdict was widely reported on in the banking Industry. For example, an *American Banker* article entitled "USAA won $200M from Wells Fargo in patent fight. Will others be on the hook?" was published in November 2019.

44.     As another example, in 2022 USAA filed litigation against Truist Bank alleging infringement of, among other things, a parent patent to the now asserted USAA Patents. In October 2023, *American Banker* published another article reporting on the Truist lawsuit, entitled "USAA wins another remote-deposit patent victory, this time over Truist," which noted that Truist had entered into a settlement and patent licensing agreement with USAA to resolve USAA's claims of patent infringement.

45.     As an additional example, in 2025 USAA filed litigation against Regions Bank alleging infringement of, among other things, the '310 and '095 Patents. The '310 Patent is a parent patent to the '414 Patent, and the '095 Patent is a parent patent to the '899 Patent. In February 2026, *Reuters*, a provider of "business, financial, national and international news" reported that "Regions Bank settles USAA lawsuit over mobile-banking patents," noting that "[t]he lawsuit was one of several patent cases brought by USAA against other financial services providers over mobile-banking technology."

46.     As another example, USAA has entered into a number of license agreements with other banks and financial institutions, which also have been widely publicized. For example, on

August 28, 2023, USAA announced that it had entered into a license agreement with Discover Financial Services "giving Discover the right to continue offering its customers the convenience of easily depositing checks with their mobile device."

47.     As another example, on June 7, 2024, USAA announced that it had entered into an agreement with Esquire Bank that provided Esquire Bank with a license to USAA's patents covering remote deposit capture technology so that "Esquire may continue offering its customers the convenience of easily depositing checks with their mobile device."

48.     As another example, on October 7, 2024, USAA announced that it had entered into an agreement with First Citizens Bank & Trust Company (hereinafter "First Citizens") that provided First Citizens with a license to USAA's patents covering remote deposit capture technology so that "First Citizens Bank may continue offering its customers the convenience of easily depositing checks with their mobile device."

49.     In addition to the widespread coverage regarding USAA's patent lawsuits and the banks who have taken licenses to lawfully use USAA's Patents, USAA's Deposit@Mobile® technology has been well-known and publicized for years, and USAA receives widespread acclaim for its pioneering innovations in mobile deposit. For example, a 2019 report by Javelin Strategy and Research named USAA "as an overall 'Leader' in both mobile and online banking." Fifth Third was also listed as a "Contender" in mobile banking categories including "Ease of Use," "Security Empowerment," "Money Movement," and as a "Follower" in categories including "Financial Fitness," "Customer Service," and "Account Opening." Upon information and belief, Fifth Third is aware of this and other acclaim for USAA's Deposit@Mobile® products, including because it was widespread in the industry.

50.     USAA is further informed and believes that Fifth Third has actual and constructive knowledge of the USAA Patents as a result of, among other things, its awareness of USAA's Deposit@Mobile® products and USAA's patent marking. For example, USAA marks its Deposit@Mobile® products pursuant to 35 U.S.C. § 287 through the USAA mobile application, including with the USAA Patents.

51.     Further, to the extent that Fifth Third contends it lacked actual knowledge of its infringement of any of the USAA Patents before the time of service of this Complaint, it was willfully blind by deliberately avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application and/or instructing its employees not to investigate USAA's patents or inspect USAA's mobile check deposit application.

52.     As detailed below, Fifth Third's conduct with respect to Mobile Deposit constitutes willful infringement of USAA's Patents. Fifth Third's use of the USAA Patents is not licensed or authorized by USAA in any way.

53.     Fifth Third has profited, and continues to profit, including by providing its infringing mobile deposit service to millions of Fifth Third customers without USAA's permission and without any compensation to USAA, materially harming USAA and its members with disregard for USAA's patent rights.

## IV.     <u>FIRST CLAIM FOR RELIEF – '310 PATENT</u>

54.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

55.     The '310 Patent, entitled "System and Method for Mobile Check Deposit Enabling Auto-Capture Functionality Via Video Frame Processing" was duly and legally issued on December 3, 2024. A true and correct copy of the '310 Patent is attached as Exhibit A.

56.     USAA owns by assignment the entire right, title, and interest in and to the '310 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

57.     USAA is informed and believes, and on this basis alleges, that Fifth Third, agents of Fifth Third, and/or third parties acting under Fifth Third's direction and control, have committed and continue to commit acts of direct infringement of one or more claims of the '310 Patent literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States, the Fifth Third Mobile Deposit System. Fifth Third controls the

Fifth Third Mobile Deposit System (including the customer's mobile device, via the downloaded mobile app) as a whole and obtains benefits from it.

58.    For example, the Fifth Third Mobile Deposit System performs a method that enables mobile check deposit auto-capture functionality via video frame processing.

59.    To further this example, the Fifth Third Mobile Deposit System monitors the live video of the check in the field of view of the camera with respect to at least one monitoring criterion. To further this example, the live video is generated by a mobile device of a user, such as an iPhone, iPad, or Android device. To further this example, the user's mobile device includes the camera and a downloaded app, such as the Fifth Third Mobile Banking App. To further this example, the downloaded app associated with Fifth Third is configured to control check deposit by controlling the camera. To further this example, the downloaded app, when executed by the user's mobile device is configured to cause the user's mobile device to perform operations, as illustrated for example by the following images from the Fifth Third Mobile Deposit System:



60.    To further this example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App is configured to provide instructions to the user for capturing an image of a check.

61.    To further this example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App is configured to generate a live video of the check in a field of view of the camera and causes the live video to be generated by controlling the camera, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



62.    To further this example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App overlays an alignment guide on the live video of the check in the field of view of the camera.

63.    As another example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App uses a wireless network to submit the check for mobile check deposit in the bank after a frame of the live video of the check in the field of view of the camera is automatically captured.

64.    As another example, the Fifth Third Mobile Deposit System determines that a video frame of the live video of the check satisfies the at least one monitoring criterion and then automatically captures the video frame.

65.    As another example, when the video frame of the live video of the check in the field of view of the camera is determined to satisfy the at least one monitoring criterion, the Fifth Third Mobile Deposit System provides feedback advising the user that the check has been captured, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



66.      As another example, the Fifth Third Mobile Deposit System processes a digital image of the check, including performing optical character recognition and verifying that the digital image of the check is acceptable for mobile check deposit, the digital image of the check being the captured video frame or being based on the captured video frame, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



67.      As another example, on information and belief, the Fifth Third Mobile Deposit System confirms that the mobile check deposit can go forward after optical character recognition is performed on the check in the digital image, a magnetic ink character recognition (MICR) line on the check in the digital image is recognized, and an amount payable on the check in the image is validated, as illustrated for example by the following images from the Fifth Third Mobile Deposit System:

 

- 18 -

68.     As another example, the Fifth Third Mobile Deposit System updates, by a bank computer, a balance of an account at a financial institution of the user to reflect the amount of funds associated with the check submitted for mobile check deposit by the user's mobile device, after the check is submitted for mobile check deposit in the bank, confirming that the mobile check deposit can go forward, and verifying that the digital image of the check is acceptable for mobile deposit, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



69.     As another example, before determining that the video frame of the live video of the check satisfies the at least one monitoring criterion, the Fifth Third Mobile Deposit System determines that a different video frame of the live video of the check does not satisfy the at least one monitoring criterion.

70.     As another example, after determining that the different video frame of the live video of the check does not satisfy the at least one monitoring criterion, the Fifth Third Mobile Deposit System provides feedback to the user, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



71.     Fifth Third is inducing infringement of the '310 Patent, in violation of 35 U.S.C. § 271(b), including by knowingly encouraging or aiding third parties to make, use, sell, or offer to sell the Fifth Third Mobile Deposit System in the United States, or to import the Fifth Third Mobile Deposit System into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied the Fifth Third Mobile Deposit System in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that

Fifth Third's actions will induce others to directly infringe the '310 Patent. Fifth Third actively encourages, directs, and controls third parties, including its end users, to make and/or use the Fifth Third Mobile Deposit System in an infringing manner, including through Fifth Third's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions. Fifth Third has intentionally aided and encouraged third parties, including its end users, to use the Fifth Third Mobile Deposit System in the United States in a manner that it knows would infringe or have a high probability of infringing the '310 Patent, with the specific intent that those performing the acts infringe the '310 Patent.

72.     Fifth Third is contributorily infringing the '310 Patent in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, the Fifth Third Mobile Deposit System for use in infringing the '310 Patent, constituting a material part of the invention, knowing the Fifth Third Mobile Deposit System to be especially made or especially adapted for use in infringing the '310 Patent. The Fifth Third Mobile Deposit System is not a staple article or commodity of commerce suitable for substantial non-infringing use.

73.     As a result of Fifth Third's infringement of the '310 Patent, USAA has been damaged. In addition, Fifth Third's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Fifth Third's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

74.     USAA is further informed, and on this basis alleges, that Fifth Third's infringement of the '310 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Fifth Third has had knowledge of the '310 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.

## V.      SECOND CLAIM FOR RELIEF – '095 PATENT

75.      USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

76.      The '095 Patent, entitled "System and Method for Mobile Check Deposit Enabling Auto-Capture Functionality Via Video Frame Processing" was duly and legally issued on January 28, 2025. A true and correct copy of the '095 Patent is attached as Exhibit B.

77.      USAA owns by assignment the entire right, title, and interest in and to the '095 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

78.      USAA is informed and believes, and on this basis alleges, that Fifth Third, agents of Fifth Third, and/or third parties acting under Fifth Third's direction and control, have committed and continue to commit acts of direct infringement of one or more claims of the '095 Patent literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, the Fifth Third Mobile Deposit System. Fifth Third controls the Fifth Third Mobile Deposit System (including the customer's mobile device, via the downloaded mobile app) as a whole and obtains benefits from it.

79.      For example, the Fifth Third Mobile Deposit System consists of a system enabling mobile check deposit auto-capture functionality via video frame processing.

80.      To further this example, The Fifth Third Mobile Deposit System comprises a mobile device of a user, such as an iPhone, iPad, or Android device, the user's mobile device including a camera, a processor, and a memory coupled to the processor, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



81.    Additionally in the Fifth Third Mobile Deposit System, the memory stores a software abstraction layer for controlling the camera, the software abstraction layer comprising Instructions that, when executed by the processor, control the camera.

82.    Additionally, the Fifth Third Mobile Deposit System stores a downloaded app, the downloaded app associated with Fifth Third to control check deposit by controlling the camera through the software abstraction layer, the downloaded app comprising instructions that, when executed by the processor, cause the user's mobile device to perform operations.

83.    As an example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App provides Instructions to the user for capturing an image of a check.

84.    As another example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking app generates a live video of the check in a field of view of the camera and causes the live video to be generated by controlling the camera through the software abstraction layer, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



85.    As another example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App overlays an alignment guide on the live video of the check in the field of view of the camera.

86.    As another example, the Fifth Third Mobile Deposit System monitors the live video of the check in the field of view of the camera with respect to at least one monitoring criterion.

87.    As another example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App determines that a video frame of the live video of the check satisfies the at least one monitoring criterion and then automatically captures the video frame.

88.    As another example, in the Fifth Third Mobile Deposit System, when the video frame of the live video of the check in the field of view of the camera is determined to satisfy the at least one monitoring criterion, the Fifth Third Mobile Banking App provides feedback advising the user that the check has been captured, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



89.    As another example, the Fifth Third Mobile Deposit System uses a wireless network to transmit a digital image of the check from the user's mobile device and submits the check for mobile check deposit in the bank after automatically capturing the video frame, wherein the digital image is the captured video frame or is based on the captured video frame.

90.    As another example, the Fifth Third Mobile Deposit System confirms that the mobile check deposit can go forward after optical character recognition is performed on the check in the digital image, a magnetic ink character recognition (MICR) line on the check in the digital image is recognized, and an amount payable on the check in the image is validated, as illustrated for example by the following images from the Fifth Third Mobile Deposit System:

 

91.    Additionally, on information and belief, in the Fifth Third Mobile Deposit System a server, remote from the user's mobile device, comprising a processor coupled to a memory, stores instructions that, when executed by the processor, cause the server to perform operations.

92.    As an example, the Fifth Third Mobile Deposit System receives the digital image of the check transmitted by the user's mobile device and processes it.

93.    To further this example, the Fifth Third Mobile Deposit System processes the digital image of the check, including by performing optical character recognition on the check in the digital image and verifying the digital image of the check is acceptable for mobile check deposit. To further this example, the user's mobile device receives an Indication of a result of the server's processing before confirming that the mobile check deposit can go forward, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:

 

- 24 -

94.     As another example, in the Fifth Third Mobile Deposit System, a computer comprising a processor coupled to a memory stores Instructions that, when executed by the processor, cause the computer to update a balance of an account at a financial institution of the user to reflect the amount of funds associated with the check submitted for mobile check deposit by the user's mobile device, after submitting the check for mobile check deposit in the bank, confirming that the mobile check deposit can go forward, and verifying that the digital image of the check is acceptable for mobile deposit, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:

Mobile Deposit #█████████                                                 $1.00

95.     Fifth Third is inducing infringement of the '095 Patent, in violation of 35 U.S.C. § 271(b), including by knowingly encouraging or aiding third parties to make, use, sell, or offer to sell the Fifth Third Mobile Deposit System in the United States, or to import the Fifth Third Mobile Deposit System into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied the Fifth Third Mobile Deposit System in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Fifth Third's actions will induce others to directly infringe the '095 Patent. Fifth Third actively encourages, directs, and controls third parties, including its end users, to make and/or use the Fifth Third Mobile Deposit System in an infringing manner, including through Fifth Third's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions. Fifth Third has intentionally aided and encouraged third parties, including its end users, to use the Fifth Third Mobile Deposit System in the United States in a manner that it knows would infringe or have a high probability of infringing the '095 Patent, with the specific intent that those performing the acts infringe the '095 Patent.

96.     Fifth Third is contributorily infringing the '095 Patent in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, the Fifth Third Mobile Deposit System for use in infringing the '095 Patent, constituting a material

part of the invention, knowing the Fifth Third Mobile Deposit System to be especially made or especially adapted for use in infringing the '095 Patent. The Fifth Third Mobile Deposit System is not a staple article or commodity of commerce suitable for substantial non-infringing use.

97.     As a result of Fifth Third's infringement of the '095 Patent, USAA has been damaged. In addition, Fifth Third's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Fifth Third's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

98.     USAA is further informed, and on this basis alleges, that Fifth Third's infringement of the '095 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Fifth Third has had knowledge of the '095 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.

## VI.     THIRD CLAIM FOR RELIEF – '414 PATENT

99.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

100.    The '414 Patent, entitled "System and Method for Mobile Check Deposit Enabling Auto-Capture Functionality Via Video Frame Processing" was duly and legally issued on December 23, 2025. A true and correct copy of the '414 Patent is attached as Exhibit C.

101.    USAA owns by assignment the entire right, title, and interest in and to the '414 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

102.    USAA is informed and believes, and on this basis alleges, that Fifth Third, agents of Fifth Third, and/or third parties acting under Fifth Third's direction and control, have committed and continue to commit acts of direct infringement of one or more claims of the '414 Patent

literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, the Fifth Third Mobile Deposit System. Fifth Third controls the Fifth Third Mobile Deposit System (including the customer's mobile device, via the downloaded mobile app) as a whole and obtains benefits from it.

103.    For example, the Fifth Third Mobile Deposit System performs a method enabling mobile check deposit auto-capture functionality via video frame processing.

104.    To further this example, the Fifth Third Mobile Deposit System performs monitoring a live video of a check with respect to at least one monitoring criterion, wherein the live video is generated by a mobile device of a user, such as an iPhone, iPad, or Android device. To further this example, the user's mobile device includes the camera and a downloaded app, such as the Fifth Third Mobile Banking App, the app associated with Fifth Third to control check deposit by controlling the camera. To further this example the Fifth Third Mobile Banking App, when executed by the user's mobile device, is configured to cause the user's mobile device to perform operations, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



105.    To further this example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App is configured to provide instructions to the user for capturing an image of a check.

106.    To further this example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App is configured to generate the live video of the check in the field of view of the camera, the downloaded app causing the live video to be generated by controlling the camera, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



107.    To further this example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App is configured to overlay an alignment guide on the live video of the check in the field of view of the camera.

108.    To further this example, in the Fifth Third Mobile Deposit System, the Fifth Third Mobile Banking App is configured to use a wireless network to submit the check for mobile check deposit at Fifth Third after a frame of the live video of the check in the field of view of the camera is automatically captured.

109.    As another example, the Fifth Third Mobile Deposit System determines that a video frame of the live video of the check satisfies the at least one monitoring criterion, and then automatically captures the live video frame.

110.    As another example, in the Fifth Third Mobile Deposit System, when the video frame of the live video of the check in the field of view of the camera is determined to satisfy the at least one monitoring criterion, the Fifth Third Mobile Deposit System provides feedback advising the user that the check has been captured, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



111.    As another example, the Fifth Third Mobile Deposit System processes a digital image of the check including performing optical character recognition and verifying that the digital image of the check is acceptable for mobile check deposit, the digital image being the captured video frame or being based on the captured video frame, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



112.    As another example, the Fifth Third Mobile Deposit System confirms that the mobile check deposit can go forward after optical character recognition is performed on the check in the digital image, a magnetic ink character recognition (MICR) line on the check in the digital image is recognized, and an amount payable on the check in the digital image is validated, as illustrated for example by the following images from the Fifth Third Mobile Deposit System:

 

113.    As another example, the Fifth Third Mobile Deposit System updates, by a bank computer, a balance of an account at a financial institution of the user to reflect an amount of funds

associated with the check submitted for mobile check deposit by the user's mobile device, after the check is submitted for mobile check deposit in the bank, confirming that the mobile check deposit can go forward, and verifying that the digital image of the check is acceptable for mobile check deposit, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:

Mobile Deposit #  ███████                                         $1.00

114.    Fifth Third is inducing infringement of the '414 Patent, in violation of 35 U.S.C. § 271(b), including by knowingly encouraging or aiding third parties to make, use, sell, or offer to sell the Fifth Third Mobile Deposit System in the United States, or to import the Fifth Third Mobile Deposit System into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied the Fifth Third Mobile Deposit System in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Fifth Third's actions will induce others to directly infringe the '414 Patent. Fifth Third actively encourages, directs, and controls third parties, including its end users, to make and/or use the Fifth Third Mobile Deposit System in an infringing manner, including through Fifth Third's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions. Fifth Third has intentionally aided and encouraged third parties, including its end users, to use the Fifth Third Mobile Deposit System in the United States in a manner that it knows would infringe or have a high probability of infringing the '414 Patent, with the specific intent that those performing the acts infringe the '414 Patent.

115.    Fifth Third is contributorily infringing the '414 Patent in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, the Fifth Third Mobile Deposit System for use in infringing the '414 Patent, constituting a material part of the invention, knowing the Fifth Third Mobile Deposit System to be especially made or

especially adapted for use in infringing the '414 Patent. The Fifth Third Mobile Deposit System is not a staple article or commodity of commerce suitable for substantial non-infringing use.

116.    As a result of Fifth Third's infringement of the '414 Patent, USAA has been damaged. In addition, Fifth Third's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Fifth Third's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

117.    USAA is further informed, and on this basis alleges, that Fifth Third's infringement of the '414 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Fifth Third has had knowledge of the '414 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.

## VII.    FOURTH CLAIM FOR RELIEF – '899 PATENT

118.    USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

119.    The '899 Patent, entitled "System and Method for Mobile Check Deposit Enabling Auto-Capture Functionality Via Video Frame Processing" was duly and legally issued on May 19, 2026. A true and correct copy of the '899 Patent is attached as Exhibit D.

120.    USAA owns by assignment the entire right, title, and interest in and to the '899 Patent, including the exclusive right to seek damages for past, current, and future infringement thereof.

121.    USAA is informed and believes, and on this basis alleges, that Fifth Third, agents of Fifth Third, and/or third parties acting under Fifth Third's direction and control, have committed and continue to commit acts of direct infringement of one or more claims of the '899 Patent literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or

importing into the United States, the Fifth Third Mobile Deposit System. Fifth Third controls the Fifth Third Mobile Deposit System (including the customer's mobile device, via the downloaded mobile app) as a whole and obtains benefits from it.

122.    For example, the Fifth Third Mobile Deposit System enables mobile check deposit auto-capture functionality via video frame processing.

123.    As another example, the Fifth Third Mobile Deposit System comprises a mobile device of a user, such as an iPhone, iPad, or Android device, the user's mobile device including a camera, a processor, and a memory coupled to the processor. To further this example, the memory stores a downloaded app, such as the Fifth Third Mobile Banking App, the downloaded app associated with Fifth Third to control check deposit by controlling the camera. To further this example, the Fifth Third Mobile Deposit System is configured to perform operations, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



124.    As another example, the Fifth Third Mobile Deposit System is configured to provide instructions to the user for capturing an image of a check.

125.    As another example, the Fifth Third Mobile Deposit System is configured to generate a live video of the check in a field of view of the camera, the Fifth Third Mobile Banking App causing the live video to be generated by controlling the camera, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



126.    As another example, the Fifth Third Mobile Deposit System is configured to monitor the live video of the check in the field of view of the camera with respect to at least one monitoring criterion.

127.    As another example, the Fifth Third Mobile Deposit System is configured to determine that a video frame of the live video of the check satisfies the at least one monitoring criterion, and then automatically capture the video frame.

128.    As another example, in the Fifth Third Mobile Deposit System, when the video frame of the live video of the check in the field of view of the camera is determined to satisfy the at least one monitoring criterion, the Fifth Third Mobile Deposit System is configured to provide feedback advising the user that the check has been captured, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



129.    As another example, the Fifth Third Mobile Deposit System uses a wireless network to transmit a digital image of the check from the users' mobile device and submit the check for mobile check deposit in the bank after automatically capturing the video frame, the digital image of the check being the captured video frame or being based on the captured video frame.

130.    As another example, the Fifth Third Mobile Deposit System processes the digital image of the check including performing optical character recognition and verifying that the digital image of the check is acceptable for mobile check deposit, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



131.    As another example, in the Fifth Third Mobile Deposit System, a bank computer is programmed to update a balance of an account at a financial institution of the user to reflect an amount of funds associated with the check submitted for mobile check deposit by the user's mobile device, after the check is submitted for mobile check deposit in the bank and the Fifth Third Mobile Deposit System verifies that the digital image of the check is acceptable for mobile check deposit, as illustrated for example by the following image from the Fifth Third Mobile Deposit System:



132.    Fifth Third is inducing infringement of the '899 Patent, in violation of 35 U.S.C. § 271(b), including by knowingly encouraging or aiding third parties to make, use, sell, or offer to sell the Fifth Third Mobile Deposit System in the United States, or to import the Fifth Third Mobile Deposit System into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying

or causing to be supplied the Fifth Third Mobile Deposit System in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Fifth Third's actions will induce others to directly infringe the '899 Patent. Fifth Third actively encourages, directs, and controls third parties, including its end users, to make and/or use the Fifth Third Mobile Deposit System in an infringing manner, including through Fifth Third's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions. Fifth Third has intentionally aided and encouraged third parties, including its end users, to use the Fifth Third Mobile Deposit System in the United States in a manner that it knows would infringe or have a high probability of infringing the '899 Patent, with the specific intent that those performing the acts infringe the '899 Patent.

133.    Fifth Third is contributorily infringing the '899 Patent in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, the Fifth Third Mobile Deposit System for use in infringing the '899 Patent, constituting a material part of the invention, knowing the Fifth Third Mobile Deposit System to be especially made or especially adapted for use in infringing the '899 Patent. The Fifth Third Mobile Deposit System is not a staple article or commodity of commerce suitable for substantial non-infringing use.

134.    As a result of Fifth Third's infringement of the '899 Patent, USAA has been damaged. In addition, Fifth Third's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Fifth Third's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

135.    USAA is further informed, and on this basis alleges, that Fifth Third's infringement of the '899 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Fifth Third has had knowledge of the '899 Patent and its infringement thereof, and yet has

deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.

## VIII.   **PRAYER FOR RELIEF**

**WHEREFORE**, USAA prays for judgment against Fifth Third as follows:

A.      That Fifth Third has infringed, and continues to infringe, each of the USAA Patents;

B.      That each claim of each of the USAA Patents is valid and enforceable;

C.      That Fifth Third pay damages adequate to compensate USAA for its infringement, together with interest and costs under 35 U.S.C. § 284;

D.      That Fifth Third be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

E.      That Fifth Third be ordered to pay supplemental damages to USAA, including interest, with an accounting, as needed, of all infringements and/or damages not presented at trial;

F.      That Fifth Third's infringement is willful and that the damages awarded to USAA should be enhanced up to three times the actual damages awarded;

G.      That USAA be awarded damages for its costs, disbursements, expert witness fees, and attorney's fees and costs incurred in prosecution this action, with interest, including damages for an exceptional case pursuant to 35 U.S.C. § 285 and as otherwise provided by law; and

H.      That USAA be awarded such other and further relief, including any and all injunctive and other equitable relief, as this Court deems just and proper.

## IX.      **DEMAND FOR JURY TRIAL**

136.    Pursuant to Federal Rule of Civil Procedure 38(b), USAA hereby demands a trial by jury on all issues triable to a jury.


Dated: July 21, 2026                    Respectfully submitted,

                                        **PARKER, BUNT & AINSWORTH, P.C.**

                                        */s/ Robert Christopher Bunt*
                                        Robert Christopher Bunt
                                        Texas State Bar No. 00787165

100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel. (903) 531-3535

**Attorneys for Plaintiff United Services
Automobile Association (USAA)**

Co-Counsel:

**IRELL & MANELLA LLP**

Jason Sheasby (CA #205455)
Lisa Glasser (CA #223406)
Rebecca Carson (CA #254105)
Anthony Rowles (CA #301209)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199